IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

MATTHEW FLOW and KENDRA       ]
MALLOY, on behalf of her minor ]
child S.C.,                    ]
                               ]
            Plaintiff,         ]
                               ]
    vs.                        ]     **COMPLAINT**
                               ]     **(Jury Trial Demanded)**
BRANDON O'ROURKE and MYRTLE    ]
BEACH POLICE DEPARTMENT,       ]
                               ]
            Defendants.        ]

## NATURE OF THE CASE

Plaintiff file this Complaint, by and through their undersigned counsel of record, against Brandon O'Rourke and the Myrtle Beach Police Department for grossly negligent, reckless, and intentional conduct leading to the shooting of Plaintiffs by Defendant O'Rourke constituting a deprivation of their substantive due process rights.

## JURISDICTION, PARTIES, AND VENUE

1.     This action is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against Defendants.

2.     Subject matter jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331, 1367(a), (b), (c), (d), and 1343, and 28 U.S.C. §§ 2201 and 2202.

3.     Supplemental jurisdiction is conferred upon the Court by 28 U.S.C. § 1367(a).

4.     Plaintiff Matthew Flow is a citizen and resident of North Carolina.

1

5. Plaintiff Kendra Malloy, on behalf of her child S.C., is a citizen and resident of North Carolina.

6. Upon information and belief, at all times relevant to this Complaint, Defendant Brandon O'Rourke was a resident of Horry County and was employed by the Myrtle Beach Police Department. At all times relevant to this Complaint, Defendant O'Rourke acted under color of state law.

7. At all times relevant to this complaint, Defendant Myrtle Beach Police Department has been a governmental entity established under the laws and constitution of the State of South Carolina. As it relates to the underlying subject matter of this case, upon information and belief, Defendant Myrtle Beach Police Department operated by and through its servants, agents, and/or authorized representatives, and, had actual knowledge of the actions and/or inactions of these authorized individuals.

8. Venue is proper in the Florence Division, as a substantial part of the events or omissions complained of occurred within Horry County.

9. This action also arises pursuant to and involves questions requiring the interpretation of the United States Constitution, and/or the laws and treaties of the United States.

10. Jurisdiction and venue are therefore proper before this court pursuant to 28 U.S.C. § 1331, § 1367, and § 1391.

## FACTUAL ALLEGATIONS

11. On April 26, 2025, Plaintiffs were in a crowd of people outside of Mr. Fries on Ocean Boulevard in Myrtle Beach, South Carolina.

12. An individual in front of that crowd, but not in the crowd, had a firearm and discharged the firearm toward another group of individuals, also outside of Mr. Fries.

13. Defendant O'Rourke, responding to this discharged his firearm at close range into the crowd, injuring both Plaintiffs.

14. Plaintiffs were innocent bystanders.

15. According to the SLED report, Defendant O'Rourke is quoted as saying made the "conscious decision to fire his weapon even though the sidewalk was crowded" in order "to protect the lives of innocent bystanders."

16. No other officers fired into the crowded sidewalk even though other officers were on the scene.

17. Defendant O'Rourke failed to ensure safety of bystanders before discharging his firearm into a crowded street at close range.

## COUNT I
## VIOLATION OF THE UNITED STATES CONSTITUTION
## FOURTH AND FOURTEENTH AMENDMENT
### Defendant O'Rourke

18. Plaintiff repeats and realleges the previous paragraphs as if restated herein.

19. The residual protections of substantive due process protect individuals like Plaintiffs as to state actions that were so arbitrary and irrational to have been literally incapable of avoidance of any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.

20. Substantive due process guarantees embodied in the due process clause of the Fourteenth Amendment protect everyone subject to its general protections against being physically injured by agents of the state acting irrationally and arbitrarily, without regard to whether the injury was intended to be inflicted upon the victim.

21. Defendant O'Rourke's shooting into a crowd at close range amounted to a brutal and inhumane abuse of official power that shocks the conscience.

3

22.    As a result of this shooting, Plaintiffs suffered physical and emotional injuries. Plaintiffs are entitled to damages pursuant to the laws of the United States of America and the Constitution of the United States of America, including but not limited to the following:

a.    Compensatory, actual, and consequential damages;

b.    Costs of this action;

c.    Reasonable attorneys' fees and costs to Plaintiffs on Federal 1983 Counts pursuant to 42 U.S.C. § 1988;

d.    The cost of past medical care; and

e.    Any and all other and further relief as this Court may deem appropriate including pre and post-judgment interest.

## COUNT II
## GROSS NEGLIGENCE, PURSUANT TO THE SOUTH CAROLINA TORT CLAIMS ACT, S.C. CODE ANN. § 15-78-40
**Myrtle Beach Police Department**

23.    Plaintiffs repeat and reallege paragraphs 1-17 as if fully restated herein.

24.    Plaintiff brings this action for gross negligence against Defendant Myrtle Beach Police Department pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*.

25.    At all times relevant to this complaint, Defendant O'Rourke was an employee and or/agent of Defendant Myrtle Beach Police Department, and acting within the course and scope of its employment, in furtherance of its interests, and with its knowledge and consent.

26.    Defendant Myrtle Beach Police Department is liable for the actions and omissions of its employees and/or agents that gave rise to this action, including the actions of Defendant O'Rourke.

4

27.     Defendant Myrtle Beach Police Department by and through its employees and agents, owed a duty to Plaintiff, including the duty to act in a prudent and reasonable manner with regard to his health and safety, and a duty to ensure that Plaintiffs, in interacting with agents of Defendant Myrtle Beach Police Department remained free from being shot in a crowd from close range in total disregard of police procedures.  Defendant Myrtle Beach Police Department also owed a ministerial duty to provide responsible and effective operations of its police department, and to establish proper policies, customs, and regulations of its police department.  Defendant Myrtle Beach Police Department also owed legal duty to hire appropriate candidates as officers, to supervise its officers, discipline said officers and retain only those fit for duty, to properly train and retrain said officers, to properly correct and remediate any known deficiencies within its officers, and to ensure officers used only lawful force.

28.     Defendant Myrtle Beach Police Department, by and through its duly authorized employees, owed a duty to Plaintiffs to be reasonable in its law enforcement conduct.  Defendant Myrtle Beach Police Department, by and through Defendant O'Rourke, breached duties owed to Plaintiffs by shooting Plaintiffs who were in a crowd on a crowded street.

29.     Defendant Myrtle Beach Police Department's actions and omissions, by and through its authorized agents, were unreasonable, constituted the total absence of care, and breached duties owed to Plaintiffs, and actually and proximately contributed to and/or caused the Plaintiffs' injuries.

30.     The shootings of each Plaintiff constitute separate occurrences.

31.     Plaintiff is entitled to damages pursuant to the laws of South Carolina and the Constitution of the United States of America, including but not limiting to the following:

a.     Compensatory, actual, and consequential damages;

5

b.      Any and all other and further relief as this Court may deem appropriate including pre and post judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court award the following damages, jointly and severally against Defendants, as provided by South Carolina law and the United States Constitution, including but not limited to the following:

a.      Compensatory, actual, and consequential damages to Plaintiff;

b.      Costs of this action and attorneys' fees to Plaintiffs for the civil rights causes of action only;

c.      Punitive damages for the civil rights causes of action only; and

d.      Any and all other and further relief as this Court may deem appropriate.

## TRIAL BY JURY

WHEREFORE, Plaintiff hereby demands a trial by jury on all issues so triable.

**STROM LAW FIRM, LLC**

s/ Bakari T. Sellers
Bakari T. Sellers (SC Fed ID #11099)
Mario A. Pacella (SC Fed ID #7538)
Amy E. Willbanks (SC Fed ID #13537)
Alexandra Benevento (SC Fed ID #10734)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone: (803) 252-4800
Email: bsellers@stromlaw.com
      mpacella@stromlaw.com
      awillbanks@stromlaw.com
      abenevento@stromlaw.com

*Attorneys for the Plaintiffs*

August 3, 2026
Columbia, SC